UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br>HEIDI A. TIEDT and<br>DARIN A. TIEDT,<br><br>       Debtors. | Bankruptcy Case No. 15-27738-beh<br>Chapter 13 |
| HEIDI A. TIEDT and<br>DARIN A. TIEDT,<br>       Plaintiffs,<br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>       Defendant. | Adversary Proceeding No. 15- |

## COMPLAINT FOR DECLARATORY JUDGMENT

The above-referenced Debtors and Plaintiffs, Heidi A. Tiedt and Darin A. Tiedt (hereinafter, "Mr. and Mrs. Tiedt"), by their attorneys, Nickolai & Poletti, LLC, by Anton B. Nickolai, hereby bring their complaint for declaratory judgment against U.S. Bank National Association (hereinafter, "Defendant"). Mr. and Mrs. Tiedt allege to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the following:

### Jurisdiction

1. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001(9).

Drafted by:
Anton B. Nickolai,
Bar No. 1060676
Nickolai & Poletti, LLC
308 Milwaukee Avenue
Burlington, WI 53105
Phone: (262) 757-8444; Fax (262) 287-9725
anton@nickolailaw.com

2. This Court has jurisdiction over the claims raised herein pursuant to 28 U.S.C. §§ 157 and 1334.

3. This adversary proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2).

**Parties**

4. Mr. and Mrs. Tiedt are individuals who currently reside at 3801 Lake Street, Burlington, Wisconsin 53105.

5. Defendant is a national banking association with a principal office address of 425 Walnut Street, Cincinnati, OH 45202.

**Factual Allegations**

6. Mr. and Mrs. Tiedt own homestead real estate located at 3801 Lake Street, Burlington, Wisconsin 53105 (hereinafter the "Subject Property").

7. On July 14, 2014, Mr. and Mrs. Tiedt obtained an appraisal (hereinafter the "Appraisal") of the Subject Property from Metro-West Appraisal (See Exhibit A). The Appraisal indicates that the value of the Subject Property is $708,000.00.

8. Defendant holds a second mortgage (hereinafter "Second Mortgage") on the Subject Property (See Exhibit B). The Second Mortgage was recorded on June 10, 2008, as Document Number 2177922 with the Racine County Register of Deeds.

9. An entity known as "U.S. Bank National Association ND" was the original holder of the Second Mortgage. Upon information and belief, the entity known as "US Bank National Association ND" was merged into the Defendant on or around May 13, 2013. Upon information and belief, Defendant is the current holder of the Second Mortgage.

10. The payoff balance of the Second Mortgage as of the date of the filing of the underlying bankruptcy case was approximately $109,390.00.

11. Defendant's Second Mortgage is subordinate to a first mortgage (hereinafter, the "First Mortgage") currently held by Defendant. The First Mortgage was originally held by US Bank National Association ND, and was recorded on July 6, 2009, as Document Number 2220453 with the Racine County Register of Deeds (See Exhibit C). Upon information and belief, the entity known as "US Bank National Association ND" was merged into the Defendant on or around May 13, 2013. Upon information and belief, Defendant is the current holder of the First Mortgage.

12. Upon information and belief, the payoff balance of the First Mortgage on the date of the filing of the underlying bankruptcy case was $806,156.23 (See Exhibit D).

13. The value of the Subject Property as alleged above ($708,000.00) is less than the payoff balance of the First Mortgage as alleged above ($806,156.23).

14. There is no equity in the Subject Property to which the Defendant's Second Mortgage claim may attach.

**Count I: Declaratory Judgment that the Second Mortgage Claim of Defendant is a General Unsecured Claim Pursuant to 11 U.S.C. §506(a)(1)**

15. Mr. and Mrs. Tiedt hereby restate all above allegations.

16. Pursuant to § 506(a)(1), "an allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property."

17. Defendant's Second Mortgage claim is not an "allowed secured claim" since there is no equity to which Defendant's Second Mortgage lien may attach.

18. Accordingly, Defendant's Second Mortgage claim should be treated as a general unsecured claim.

**Count II: Declaratory Judgment that Defendant's Second Mortgage Lien Shall be Eliminated Upon the Completion of the Debtor's Chapter 13 Plan**

19. Mr. and Mrs. Tiedt hereby restate all above allegations.

3

Case 15-02443-beh    Doc 1    Filed 09/21/15    Page 3 of 4

20. Pursuant to § 1322(b)(2), a debtor's plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence."

21. A debtor may utilize § 1322(b)(2) to eliminate a secured junior claim against homestead real estate if the debtor owes the holder of a secured senior claim more than the value of said homestead real estate. *Palomar v. First Am. Bank,* 722 F.3d 992 (7th Cir., 2013).

22. Here, the balance owed on the senior lien of the Defendant exceeds the value of the debtors' homestead real estate. Accordingly, Mr. and Mrs. Tiedt may eliminate the secured junior lien of the Defendant through their Chapter 13 plan.

23. Mr. and Mrs. Tiedt's Chapter 13 plan provides for the avoidance and cancellation of Defendant's Second Mortgage lien upon the completion of the plan.

24. Mr. and Mrs. Tiedt's plan comports with the requirements of 11 U.S.C. §§ 1322 and 1325.

WHEREFORE, Mr. and Mrs. Tiedt respectfully request that this Court enter an order:

1. declaring Defendant's Second Mortgage claim is a general unsecured claim;

2. declaring that Defendant's Second Mortgage lien shall be voided and canceled upon the completion of the plaintiffs' Chapter 13 plan pursuant to the terms of the plaintiffs' Chapter 13 plan;

3. and for such other relief as this Court may deem just and proper.

Respectfully submitted: September 21, 2015.

          Nickolai & Poletti, LLC
          Attorneys for Plaintiffs/Debtors

          /s/ Anton B. Nickolai
          By: Anton B. Nickolai
          State Bar No. 1060676

4

Case 15-02443-beh    Doc 1    Filed 09/21/15    Page 4 of 4